# In the United States Court of Federal Claims

No. 24-82C
Filed: January 22, 2024
NOT FOR PUBLICATION

---

**JUSTIN ANDRE LAMOUREUX,**

*Plaintiff,*

**v.**

**UNITED STATES,**

*Defendant.*

---

## MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

The plaintiff, Justin Andre Lamoureux, a resident of Georgia and an inmate in a Florida jail, proceeding *pro se*, filed this action on January 18, 2024.[1]  The complaint was docketed on January 19, 2024.  The complaint fails to identify a non-frivolous basis for Tucker Act jurisdiction over the plaintiff's claims and is dismissed pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

Before considering the merits of any claim, a federal court must first determine that it has jurisdiction to hear the case.  Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).  A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted.  *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019).  A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action.  *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006).

---

[1] The basis for the plaintiff's incarceration is not clear from the complaint.

[2] Concurrent with the complaint, the plaintiff filed an application for leave to proceed *in forma pauperis*.  Based on the information contained in that application and attached to the complaint, the plaintiff appears to be eligible to proceed *in forma pauperis*.  Because the complaint is frivolous, however, the motion for leave to proceed *in forma pauperis* is **DENIED**.

Even when a plaintiff is proceeding *pro se*, the complaint must satisfy basic pleading requirements.  One such requirement is to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  If a complaint fails to do so, a court "may dismiss *sua sponte*." *Anaheim Gardens*, 444 F.3d at 1315.  A court may dismiss a plaintiff's complaint without a motion by the defendant when a claim is based on "frivolous allegations" that are "insufficient to state a plausible claim for relief." *Wickramaratna v. United States*, No. 2022-1786, 2022 WL 17495907, at *1 (Fed. Cir. Dec. 8, 2022) (*per curiam*).  "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The plaintiff is proceeding *pro se*.  As a result, his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that the complaint satisfies the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain.  *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).  In construing a *pro se* litigant's pleadings liberally, a court does not become an advocate for that litigant.  Rather, a court ensures that a *pro se* litigant's pleadings are construed in a manner that gives the litigant every opportunity to make out a claim for relief.

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act waives the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is: "(1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the [United States], or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained," unless arising from a tort. *Curie v. United States*, 163 Fed. Cl. 791, 799 (2022) (citing, *inter alia, United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009)).  The plaintiff bears the burden of showing that his complaint raises a claim within the limited jurisdiction of the Court of Federal Claims.  *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

The Tucker Act itself does not establish jurisdiction.  Rather, a plaintiff must also allege an independent claim based on a money-mandating statute or provision of law.  *Navajo Nation*, 556 U.S. at 290.  A provision of law is money-mandating if it "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'"  *Testan v.*

2

*United States*, 424 U.S. 392, 400 (1976) (quoting *Eastport S. S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)).

The handwritten complaint appears to allege that the plaintiff's son was kidnapped from Georgia to Florida by his maternal grandparents, who also allegedly had the son's mother (presumably the daughter of the kidnappers) involuntarily committed, and that the local authorities and courts in Florida declined to enforce a joint-custody order of the Georgia courts and have otherwise been complicit in declining to remedy the kidnapping.

With respect to the United States, the plaintiff alleges that neither the Federal Bureau of Investigations nor federal prosecutors have investigated or prosecuted the grandparents for an interstate kidnapping. The plaintiff also alleges that the federal district courts in Florida and the judges of the U.S. Court of Appeals for the Eleventh Circuit have been corrupted by the judges of the Florida state courts and have rejected the plaintiff's efforts to involve the federal courts in providing the plaintiff a remedy for his son's kidnapping. The plaintiff alleges that the acts and omissions of the federal judges are criminal and constitutional violations of law, including the Racketeer Influenced and Corrupt Organizations ("RICO") Act, and have caused the plaintiff and his son substantial damages. The plaintiff seeks the appointment of counsel for himself and his son, declaratory relief and an injunction directing the plaintiff's release from custody and the return of his son, and an award of damages of $2.2 billion.

In effect, the complaint seeks review of the decisions of the federal courts in Florida declining to intervene in what appears to be a domestic dispute. The Court of Federal Claims has no authority to review the decisions of federal district courts. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). That limitation applies to equally to decisions of the United States Courts of Appeals.

The Court of Federal Claims also has no authority to adjudicate any matter allegedly arising under federal criminal laws. *E.g., Johnson v. United States*, 411 F. App'x 303, 304-05 (Fed. Cir. 2010). The jurisdiction of the Court of Federal Claims does not extend to claims arising under RICO. *Shelden v. United States*, 742 F. App'x 496, 501-02 (Fed. Cir. 2018).

Likewise, the Court of Federal Claims does not have jurisdiction to consider claims based on the other statutes cited by the plaintiff. These laws vest jurisdiction in the federal district courts (22 U.S.C. § 9003; 28 U.S.C. §§ 1331, 1343), address the availability of a jury in cases against the United States (28 U.S.C. § 2402), establish available remedies without expanding a court's jurisdiction (28 U.S.C. §§ 1651, 2201-02), or explicitly deny that they create a cause of action for their violation (34 U.S.C. § 20141(d)).

The plaintiff does cite one statute that could be fairly read to mandate compensation, 34 U.S.C. § 20101. That statute does not apply to the plaintiff, as he is neither a public agency nor does he allege he is a victim of international terrorism, so the question of whether that law is money-mandating need not be resolved for the purpose of rejecting the plaintiff's claim based on it.

To the extent that the plaintiff's claims can be construed to allege the commission of a tort by the United States, they are beyond the jurisdiction of the Court of Federal Claims, which may not consider claims "sounding in tort." 28 U.S.C. § 1491(a).

The complaint also cites to provisions of the U.S. Constitution. The plaintiff invokes Article III, section 2, Article IV, and Article VI. Article III establishes the judicial branch of the federal government. Article IV requires states to give full faith and credit to, among other things, the judicial proceedings of other states and includes the privileges and immunities clause. Article VI is the Supremacy Clause, establishing the supremacy of federal laws over state laws. None of these provisions authorizes an award of money damages for their violation. None of these provisions can fairly be interpreted to mandate monetary compensation for its violation.

Finally, to the extent that the plaintiff's complaint can be construed to assert claims against Florida officials, agencies, and courts, such claims are also beyond the jurisdiction of the Court of Federal Claims, which may only consider claims against the United States. *Sherwood v. United States*, 312 U.S. 584, 588 (1941).

The plaintiff has failed to allege any plausible basis for jurisdiction in the Court of Federal Claims over any of his claims. Because jurisdiction is wanting over the plaintiff's complaint, 28 U.S.C. § 1631 requires consideration of whether a transfer of the complaint to a court with jurisdiction is in the interest of justice. The federal district court in Florida would appear to have jurisdiction over aspects of the plaintiff's claims, but the plaintiff has previously brought his dispute to that forum without success. There is no reason to believe that the transfer of this complaint to the federal district court in Florida would result in a different result. Transfer of the complaint is not in the interest of justice.

In the absence of any basis for imposing monetary liability on the United States, the complaint filed in the Court of Federal Claims must be deemed frivolous. Under 28 U.S.C. § 1915(e)(2)(B)(i), a frivolous complaint in an action being pursued *in forma pauperis* must be dismissed.

Even construed liberally, the complaint fails to state a plausible claim for relief within the limited jurisdiction of the Court of Federal Claims and is, therefore, frivolous. Accordingly, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and RCFC 12(b)(1) and 12(h)(3). The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

Pursuant to 28 U.S.C. § 1915(a)(3), any appeal filed by the plaintiff would not be taken in good faith.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

4