# In the United States Court of Federal Claims

No. 24-82C
Filed: March 11, 2024
NOT FOR PUBLICATION

**JUSTIN ANDRE LAMOUREUX,**

    *Plaintiff*,

v.

**UNITED STATES,**

    *Defendant*.

## ORDER

**HERTLING**, Judge

    The plaintiff, a resident of Georgia who is jailed in Florida, filed a *pro se* complaint on January 18, 2024. On January 22, 2024, the complaint was dismissed without prejudice under Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") because it was clear from the face of the complaint that it presented claims outside the limited jurisdiction of the Court of Federal Claims. *Lamoureux v. United States*, No. 24-82, 2024 WL 228041 (Fed. Cl. Jan. 22, 2024). On February 26, 2024, the plaintiff filed a motion for rehearing under RCFC 60.

    The only subsection of RCFC 60 arguably applicable is RCFC 60(b)(6), which allows a court to relieve a party from a judgment for "any . . . reason that justifies relief." Relief under RCFC 60(b)(6) is available only in extraordinary circumstances. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988).

    In his motion, the plaintiff largely reasserts facts supporting his request for relief. The plaintiff misunderstands the basis for the dismissal of his complaint. The complaint was dismissed because none of the claims the plaintiff made in his complaint fall within the limited jurisdiction of the Court of Federal Claims. Generally, the Court of Federal Claims may hear a claim for money damages against the United States arising from a contract between the plaintiff and the United States, a taking of private property by the United States, or a claim arising from the illegal exaction of money by the United States; the Court of Federal Claims may also entertain certain claims for military or civilian backpay or other claims based on violations of regulations, statutes, or constitutional provisions that require payment of money to a plaintiff. *See* 28 U.S.C. § 1491(a)(1). The plaintiff's complaint did not assert any claim within that jurisdiction.

In his RCFC 60 motion, the plaintiff brings forth no new claims that arguably fall with the jurisdiction of the Court of Federal Claims.  The plaintiff argues that the Court erred by interpreting his claim as a request for review of the decision of a federal district court in Florida.  Instead, the plaintiff asserts that the decisions of the Florida district court created the alleged harm suffered by the plaintiff giving rise to his claim.  However the plaintiff chooses to construe his claim, the effect of the plaintiff's complaint would necessarily require this Court to review the decision of the Florida federal district court.  As was explained in the order dismissing the complaint, the Court of Federal Claims lacks the authority to review decisions of federal district courts.  *Lamoureux*, 2024 WL 228041 at *3 (citing *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011)).  Similarly, the plaintiff makes no showing that the Court's other legal conclusions were erroneous.

The plaintiff also seeks to bring his claims under the jurisdiction of the Tucker Act, 28 U.S.C. § 1491, by asserting the existence of a contract between himself and the United States.  To begin with, this claim was not asserted as a basis for jurisdiction in the complaint.  A party may not use a brief, especially one in support of a motion under RCFC 60(b)(6), to seek to amend his complaint.  *See Sergent's Mech. Sys., Inc. v. United States*, 157 Fed. Cl. 41, 55 (2021) (quoting *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("'It is well-established that parties cannot amend their complaints through briefing or oral advocacy.'")

Even if the plaintiff had sought leave to amend the complaint, however, his motion would be unavailing.

The plaintiff alleges that his decision not to go public with this matter or to seek impeachment (presumably of the federal district judge in Florida who rejected his claim) amounts to a benefit received by the United States and therefore constitutes an implied contract between him and the defendant.  It is not clear if the plaintiff asserts the supposed contract was implied in law or in fact.  If he is asserting a contract implied in law, then a claim based on such a contract is outside the jurisdiction of the Court of Federal Claims.  *Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996).  Claims arising under implied-in-fact contracts do fall within the jurisdiction of the Court of Federal Claims.  *Id.*  Although jurisdiction exists here to consider claims arising from implied-in-fact contracts, the plaintiff's complaint fails plausibly to allege the existence of such a contract between himself and the United States.  An implied-in-fact contract is "founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding."  *Baltimore & Ohio R. Co. v. United States*, 261 U.S. 592, 597 (1923).  The plaintiff here has alleged no facts that could plausibly reflect a meeting of the minds.  As a result, the complaint fails plausibly to allege the existence of an implied-in-fact contract.

The plaintiff also asserts that provisions of the Constitution and the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, are sufficient to support a contract claim under the Tucker Act.  The law presumes that statutes do not create contractual rights.  *Nat'l R.R. Passenger Corp. v. Atchison Topeka & Santa Fe Ry. Co.*, 470 U.S. 451, 465-66 (1985).  There

must be a "clear indication that the legislature intend[ed] to bind itself contractually" before a statute will be read to create a contract. *Id*. "To determine whether a statute gives rise to a contractual obligation, [courts] first look to the language of the statute." *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1382 (Fed. Cir. 2019).

RICO cannot plausibly be read to establish mutual obligations in the form of a contract between individuals and the federal government. Further, RICO only "provides for a civil action within the exclusive federal jurisdiction of U.S. district courts, and not" the Court of Federal Claims. *Stanwyck v. United States*, 127 Fed. Cl. 308, 313 (2016). As for the Constitution, it "cannot be considered an express or implied-in-fact contract concerning which a breach action may be maintained in" the Court of Federal Claims. *Griffith v. United States*, No. 14-793C, 2015 WL 430285, at *3 (Fed. Cl. Jan. 30, 2015).

Finally, the plaintiff attempts to invoke the Federal Tort Claims Act, specifically claiming jurisdiction exists under 28 U.S.C. § 1346(b)(1). The Federal Tort Claims Act vests exclusive jurisdiction in the federal district courts, however, to the exclusion of the Court of Federal Claims. *Robleto v. United States*, 634 F. App'x 306, 308 (Fed. Cir. 2015). In addition, the Tucker Act itself divests the Court of Federal Claims from hearing any claim "sounding in tort." 28 U.S.C. § 1491(a).

The complaint does not assert a contract claim, and the plaintiff's arguments in support of his RCFC 60(b)(6) motion fail plausibly to identify any contract, express or implied, or any claim within the jurisdiction of the Court of Federal Claims. Accordingly, the plaintiff has failed to show a non-frivolous assertion of Tucker Act jurisdiction on these grounds.

The plaintiff has failed to state any plausible claim for which relief from judgment is appropriate. Accordingly, the plaintiff's RCFC 60 motion is **DENIED.**

It is so **ORDERED.**

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**